IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TYRONE HARRIS, # R-59263,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 13-499-GPM |
| ) | |
| **WAL MART (Urbana, Illinois),** ) | |
| **MICHAEL Q. JONES,** ) | |
| **SCOTT M. BENNETT, ISBA,** ) | |
| **ILLINOIS PROSECUTING ATTORNEY** ) | |
| **OFFICE, JAMES PRESTON,** ) | |
| **STATEVILLE,** ) | |
| **URBANA POLICE,** ) | |
| **and VIENNA CORRECTIONAL CENTER,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, currently incarcerated at Vienna Correctional Center ("Vienna"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He is serving a three-year sentence for a burglary conviction in Champaign County.

Plaintiff's one-page statement of his claim (Doc. 1, p. 5) asserts that his civil rights were violated in his February 13, 2013, criminal prosecution in Case No. 12-CF-1769, by Defendant Judge Michael Q. Jones and Defendant Bennett (the prosecuting attorney). In addition to claiming "bad biased judicial misconduct" and malicious prosecution, he invokes the R.I.C.O. Act, the "C.R.I.P. Act," and several other statutes.

He then goes on to complain about conditions in several institutions where he was confined. At the Champaign County Jail, he had to sleep on the floor, which caused pain in his back and buttocks. At Stateville Correctional Center, he was not given a change of clothes for

20 days or given proper shoes, and he was allowed to shower only once a week. He was sent to Vienna Correctional Center on April 20, 2013. In reference to his confinement there, he states he was:

> housed in Housing Unit 19 2nd floor and 3rd floor Gross Negligence, "Asbestos," Criminal Malfeasance with Harmful Intent [Defendant] Officer James Preston – METCAD are all in violations of Article 8 Hear Se Federal and state evidence McNabb Mallory fruits of the poisonous tree [sic].

Plaintiff's request for relief asks this Court to "clear [his] whole criminal record," grant him immediate release from custody, and award him money damages.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

After fully considering the allegations in Plaintiff's complaint, the Court concludes that it fails to state any cognizable claim, shall be dismissed with prejudice, and a strike assessed against Plaintiff.

Aside from any questions of judicial immunity or the viability of Plaintiff's constitutional claims arising out of his Champaign County pre-trial detention or prosecution, this Court is not the proper forum to address claims that arose outside of the Southern District of Illinois. If Plaintiff wishes to pursue any lawsuit against Defendants Jones or Bennett, the Urbana Wal Mart, the Urbana Police, or any Champaign County Defendants, he must file a complaint in the District Court for the Central District of Illinois, which encompasses Champaign County. *See* 28 U.S.C. § 93. Likewise, a suit against officials at Stateville Correctional Center must be filed in the Northern District, where that institution is located.

Ordinarily this Court would sever claims against out-of-district defendants into a new case, and transfer the severed action to the appropriate court. However, Plaintiff's complaint is so deficient and devoid of factual allegations that it fails to satisfy minimal pleading standards. Further, Plaintiff does not indicate how any specific Defendant (*e.g.*, an individual correctional officer) is responsible for any violations based on the minimal factual allegations that he does include. This is necessary in order to give a defendant adequate notice of the claims against him so that he may respond to the complaint. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); Fed. R. Civ. P. 8(a)(2). The Court therefore concludes that dismissal of the complaint is more appropriate than severance of the purported Champaign County and Stateville claims.

The Supreme Court instructs that a complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

There is no discernible cause against any Central District or Northern District defendants here, so these claims are dismissed with prejudice.

**Vienna Correctional Center Claim**

The only claim which was appropriately brought in this district is Plaintiff's assertion of unconstitutional conditions in Vienna. The entirety of Plaintiff's allegations regarding those conditions is quoted above. "Vienna Correctional Center" is not an entity subject to being sued in a civil rights claim.[1] The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment). Vienna Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a § 1983 suit. *See Will*, 491 U.S. at 71.

Plaintiff mentions Defendant Preston when he alleges "asbestos" at Vienna, but he in no way connects this Defendant with his extremely bare allegations. There is simply no plausible claim here, and the cause will therefore be **DISMISSED with prejudice**.

Finally, the Court notes that neither a release from custody nor a "clearing" of an inmate's criminal record can be granted as relief in a civil rights case. The pending motions in the case shall be terminated as moot.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

---

[1] The same is true for "Stateville."

**IT IS SO ORDERED.**

**DATED:** August 22, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Court
